# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to the cases identified on
Schedule A to the Requests

18-MD-2865 (LAK)

----------------------------------------

## PLAINTIFF SKAT'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS RESPONSES AND OBJECTIONS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Plaintiff Skatteforvaltningen ("SKAT"), by and through its attorneys, Hughes Hubbard & Reed LLP, hereby responds and objects (individually, a "Response," collectively, the "Responses") to Defendants' First Requests for Production of Documents Responses and Objections, dated March 7, 2019 (each individually, a "Request," collectively, the "Requests").

The Response to any particular Request is not an admission of the relevance or the admissibility into evidence of such Response. No statement contained in these Responses shall be deemed to constitute an admission that any statement or characterization in the Requests is complete or accurate. SKAT reserves the right to supplement or correct these Responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

These Responses are made solely for purposes of discovery in this consolidated MDL proceeding. SKAT, in responding to the Requests, does not waive any objection based on

relevance, materiality, competence, privilege, admissibility, authenticity, vagueness, ambiguity, undue burden, or other grounds, all of which objections and grounds are reserved and may be interposed at the time of any hearing or at trial. SKAT further does not waive the right to object on any ground at any time to a request for further responses to the Requests. Nor does SKAT waive the attorney-client privilege, work product privilege, or any other privileges or protections with respect to the information called for in the Requests.

SKAT responds to the Requests to the extent that the Requests' instructions do not impose obligations that are beyond the scope of the Federal Rules of Civil Procedure and the Local Rules applicable to discovery in this matter.

No Response made herein, or lack thereof, shall be deemed a statement by SKAT as to the existence or non-existence of any information.

## GENERAL STATEMENTS & OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS

In the interests of brevity and clarity, SKAT describes and summarizes certain limitations to its Responses and common bases for objections to the Requests.

1.      SKAT objects to the Requests to the extent that they are not proportional to the needs of the case in light of the limited disputed factual issues to which the Requests relate. Undertaking a comprehensive search and review of all SKAT's records for responsive documents would impose on SKAT a burden and expense that far outweighs the likely benefit of the discovery. SKAT will respond to the Requests by identifying known documents that are responsive to the Requests and will otherwise conduct reasonable searches for and produce discovery in compliance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules. These Responses do not represent that any documents exist that are responsive to any particular Request. A Response to a request indicating that SKAT will produce certain

documents is not a representation that such documents do now or have ever existed, but only a representation that, to the extent that such documents do exist, are within SKAT's possession, custody, or control, and are not privileged or subject to confidentiality and/or non-disclosure requirements, SKAT will conduct a reasonably diligent search for and produce any such docuemtns in accordance with the terms of the Response.  (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 1.")

2.      SKAT objects to the Requests to the extent they seek or require the production of confidential, personal, business or financial information of third parties.  SKAT further objects to the Requests to the extent they call for the production of documents or information that are subject to any confidentiality or non-disclosure requirement under (i) any applicable treaty, law, rule or regulation, including, but not limited to, any treaty, law, rule or regulation of the United States, Denmark, England, Dubai, Malaysia, or the European Union, (ii) an order of a foreign court, or (iii) any applicable agreement pursuant to which the documents or information were provided to SKAT.  SKAT further objects to the Requests to the extent they call for the production of documents that SKAT is prohibited from disclosing under Danish law, including, but not limited to: the Danish Tax Administration Act, the Danish Public Administration Act, the Danish Data Protection Act, the European General Data Protection Regulation, the Danish Securities Trading Act, and the Danish Capital Markets Act. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 2.")

3.      SKAT objects to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, confidentiality orders governing this consolidated MDL

proceeding, or that are otherwise immune to or protected from disclosure. The inadvertent production of any document that is confidential, privileged, or protected shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document, the subject matter thereof or the information contained therein; nor shall such inadvertent production constitute a waiver of SKAT's right to demand that such documents be returned or object to the use of the document or the information contained therein during this or any other proceeding. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 3.")

4.      SKAT objects that the Requests are overly broad and unduly burdensome to the extent they call for the production of "all" documents when the relevant facts can be obtained from fewer than "all" documents, and to the extent they purport to require additional searches that would likely only lead to duplicative, cumulative, non-responsive, or other objectionable material. SKAT will make reasonable efforts to search for and produce documents sufficient to respond to the Requests where appropriate, rather than search for and produce "all" responsive documents. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 4.")

5.      SKAT objects to the Requests to the extent they call for information or documents that are outside SKAT's possession, custody, or control, seek information and/or materials already within the Defendants' knowledge, possession and/or control (either collectively or individually), or information that is publicly available or obtainable from some other source that is more convenient, less burdensome, or less expensive. SKAT has no obligation or duty (and will undertake no such obligation or duty) to search for, collect or produce information or documents that are under the possession, custody or control of any other

agency or instrumentality of the government of the Kingdom of Denmark. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 5.")

6.      SKAT objects to the Requests to the extent they are vague, ambiguous, argumentative, cumulative or duplicative, overly broad, unduly burdensome or oppressive, or to the extent they seek information or documents that are not relevant to the claims or defenses in these actions.   (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 6.")

7.      SKAT objects to the Requests to the extent they presume factual premises not in evidence or likely to be admitted into evidence, or false or misleading legal premises. (Throughout these Responses, SKAT refers collectively to the objections contained in this paragraph as "Objection 7.")

8.      SKAT responds to the Requests without waiving or intending to waive, but on the contrary, preserving:  (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in these actions or in any other action; and (b) the right to object on all grounds, at any time, to document requests or other discovery procedures involving or relating to the subject of the Requests to which SKAT has responded herein.

9.      To the extent SKAT agrees to produce documents or information, such documents and information will be produced as kept in the usual course of business in accordance with Federal Rule of Civil Procedure 34(b)(2)(E), and any applicable Order of the Court, unless otherwise agreed between SKAT and the Defendants.

10.    Where a document is only partially responsive to a request, SKAT reserves the right to redact any non-responsive or irrelevant portions.

11.    SKAT objects to Instruction 1 to the extent it calls for the production of information and documents that were created, generated, dated, issued, executed or received for a time period that is overly broad, unduly burdensome and/or oppressive, and that is not relevant to the claims and defenses in these actions.  SKAT will only produce documents or information created, generated, dated, issued, executed or received during the period from January 1, 2010 to June 15, 2015.

12.    SKAT objects to Instruction 2 to the extent that it calls for the production of documents or information that is not relevant to any claim or defense of any party or to the subject matter involved in these actions and is not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks information and documents relating to time periods not relevant to these actions.

13.    SKAT objects to Instruction 4 as overbroad, unduly burdensome, and seeking to expand its obligations beyond those required for a privilege log.  In creating any such privilege log, SKAT will not log internal communications between or among any of its inside or outside counsel.  To the extent SKAT withholds any other documents based on a claim of privilege, exemption, or immunity from discovery, it will set forth such information in its privilege log and will provide similar information in accordance with its obligation under Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2.

14.    SKAT objects to Instruction 6 as unduly burdensome and oppressive.

15.    SKAT objects to the definitions of "you," "your," "yourself," "SKAT" and "SOIK" as vague, ambiguous, overbroad, unduly burdensome, not reasonably likely to lead

to the discovery of admissible evidence, and seeking information privileged or exempt from discovery.  SKAT objects to these definitions to the extent they include its representatives, attorneys, agents, investigators, consultants and counsel working on its behalf in connection with this or any other litigation, or persons or entities acting or purporting to act on behalf of any of the individuals or entities covered by the definitions.  To the extent that SKAT provides any documents in response to a Request, SKAT will interpret the terms "you," "your," "yourself" and "SKAT" to include SKAT, and its current or former employees in their capacity as such who were involved in any of the matters at issue in these actions, and the term "SOIK" to include the Danish Public Prosecutor for Serious Economic and International Crimes.  As set forth in Objection 5, SKAT has no obligation or duty (and will undertake no such obligation or duty) to search for, collect or produce information or documents that are under the possession, custody or control of any other agency or instrumentality of the government of the Kingdom of Denmark.

16.    SKAT objects to the definitions of "Authorized Representatives," "Broker-Custodians," "Other Defendants," "Payment Agents," and "Plans" as vague, ambiguous, overly broad and unduly burdensome insofar as it assumes SKAT knows the identity of all of such entities' affiliates, subsidiaries, predecessors, successors, assigns, principals, officers, directors, employees, agents, representatives, and/or attorneys, as there is no way for SKAT to know all of the individuals and entities that fit within the scope of these definitions.  SKAT has responded to the Requests by interpreting each of these terms to include the related entities, employees of that entity, and individuals of which SKAT is aware as of the time that it responds to the Requests.

17.    SKAT objects to the definitions of "Claims," "Credit Advice," "Dividends," "Refunds," and "Shares" as vague, ambiguous, overbroad, unduly burdensome, not

7

reasonably likely to lead to the discovery of admissible evidence, and seeking information privileged or exempt from discovery to the extent that the scope of the definitions include claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding, or any credit advices, dividends, refunds or shares related to such claims.

## RESPONSES TO DOCUMENT REQUESTS

The responses below to each Request shall be deemed to incorporate the General Statements and Objections to the Instructions and Definitions as if each were fully set forth therein. Based on the objections set forth in these Responses, SKAT will not search for or produce: (i) the personnel files of SKAT employees; (ii) SKAT's communications with Danish, U.S. or other government law enforcement agencies or organizations; (iii) internal reports; (iv) reports that are publicly available to the Defendants; (v) documents produced in response to any investigatory requests (unless they are otherwise included in a category of documents that SKAT specifically agrees to provide in response to a specific Request); (vi) documents obtained from or submitted in proceedings in foreign jurisdictions that are subject to confidentiality requirements in those jurisdictions, (vii) documents obtained from third parties pursuant or subject to confidentiality, non-disclosure, or data privacy restrictions; and (viii) documents in the possession of any agency or instrumentality of the government of the Kingdom of Denmark other than SKAT.

**Request for Production No. 1:**

All documents SKAT relied upon in connection with its approval or denial of any Claims, or the revocation of its original decision to pay Refunds of any Claims.

**Response to Request for Production No. 1:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, 6 and 7. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to

any party's claims or defenses in these actions.  SKAT further objects to this Request to the

extent that it seeks documents or information related to claims submitted to SKAT by individuals

or entities who are not defendants in this consolidated MDL proceeding.  Subject to and without

waiving any objections, SKAT will produce copies of documents within its possession, custody

or control that it identifies after a reasonably diligent search as responsive to this Request and not

otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement,

privilege, protection, or immunity.

**Request for Production No. 2:**

All documents supporting the basis for or concerning SKAT's allegations in the Complaints
that the Plans were not entitled to the Refunds.

**Response to Request for Production No. 2:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, 6 and 7.  Subject to and

without waiving any objections, SKAT will produce copies of documents within its possession,

custody or control that it identifies after a reasonably diligent search as responsive to this

Request and not otherwise subject to or protected by any confidentiality requirement, non-

disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 3:**

All documents sufficient to identify all individuals, including but not limited to any
employees or contractors of SKAT, who participated in or who had any role with respect to
the review, consideration, analysis, and/or determination by SKAT to approve or deny, or
revoke its original decision to pay Refunds pursuant to, the Claims.

**Response to Request for Production No. 3:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, 6 and 7.  SKAT objects

to this Request on the ground that it is overbroad to the extent it seeks information not relevant to

any party's claims or defenses in these actions.  SKAT further objects to this Request to the

extent that it seeks documents or information related to claims submitted to SKAT by individuals

or entities who are not defendants in this consolidated MDL proceeding.  Subject to and without

waiving any objections, SKAT will produce copies of documents within its possession, custody

or control that it identifies after a reasonably diligent search sufficient to identify the individuals

at SKAT primarily responsible for the review, approval or denial of the Claims that are not

otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement,

privilege, protection, or immunity.

**Request for Production No. 4:**

All documents created, generated, modified, reviewed or received by SKAT, SOIK, or any other agency or instrumentality of the government of the Kingdom of Denmark, that reflect a review, consideration, analysis, or determination of the Plans' entitlement to any Refunds with respect to the Claims.

**Response to Request for Production No. 4:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to

this Request on the ground that it is overbroad to the extent it seeks information not relevant to

any party's claims or defenses in these actions. SKAT further objects to this Request to the

extent that it seeks documents or information related to claims submitted to SKAT by individuals

or entities who are not defendants in this consolidated MDL proceeding.  To the extent that the

Request relates to SKAT, SKAT objects to the Request as duplicative of Request No. 1, and in

response incorporates by reference its response to Request No. 1.  SKAT further objects to this

Request to the extent it seeks information outside of SKAT's knowledge and/or in the

possession, custody, or control of third parties outside of SKAT's control, including, but not

limited to, any other agency or instrumentality of the Kingdom of Denmark.  Subject to and

without waiving any objections, SKAT will produce copies of documents within its possession,

custody or control that it identifies after a reasonably diligent search as responsive to this

Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 5:**

All documents reflecting or concerning SKAT's payment of any dividend withholding tax refunds, including the Refunds.

**Response to Request for Production No. 5:**

SKAT incorporates by reference Objections 1, 2, 3, 4, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 6:**

All documents supporting the basis for or otherwise concerning any of SKAT's allegations set forth in the Complaints, including as to the allegations of fraud, aiding and abetting fraud, unjust enrichment, payment by mistake, money had and received, and negligent misrepresentation, with respect to the Plans, Authorized Representatives, and Other Defendants.

**Response to Request for Production No. 6:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this

Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 7:**

All documents that SKAT referenced, identified, relied on, consulted or otherwise used in formulating the allegations set forth in the Complaints.

**Response to Request for Production No. 7:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 8:**

All documents supporting the basis for, reflecting or otherwise concerning the allegation of the existence of a "fraudulent scheme" as alleged in the Complaints, including all documents reflecting the participation of each Plan, Authorized Representative, and/or Other Defendants.

**Response to Request for Production No. 8:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 9:**

All documents supporting the basis for or otherwise concerning SKAT's allegations in the Complaints that the Plans did not own the Shares, including but not limited to, documents sufficient to identify the owners of the Shares.

**Response to Request for Production No. 9:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 10:**

All documents supporting the basis for or otherwise concerning SKAT's allegations in the Complaints that the Plans did not receive the Dividends.

**Response to Request for Production No. 10:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 11:**

All documents supporting the basis for or otherwise concerning SKAT's allegations in the Complaints that the 27% Danish dividend tax was not withheld from the Dividends.

**Response to Request for Production No. 11:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

13

**Request for Production No. 12:**

All documents supporting the basis for or otherwise concerning SKAT's allegations in the Complaints that the purported "fraudulent" Claims were submitted by the Payment Agents "at the direction of" the Plans and/or the Authorized Representatives.

**Response to Request for Production No. 12:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 13:**

All documents supporting the basis for or concerning SKAT's allegations in the Complaints that the Plans represented to it that their respective Authorized Representatives and/or Payment Agents had authority to act on their behalf with respect to their Claims.

**Response to Request for Production No. 13:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 14:**

All documents supporting the basis for or otherwise concerning SKAT's allegations in the Complaints that the Claims included "false documentation."

**Response to Request for Production No. 14:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession,

custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 15:**

All documents supporting the basis for or otherwise concerning SKAT's allegations in the Complaints that Broker-Custodians "provided statements falsely representing" that Plans owned Shares and received Dividends.

**Response to Request for Production No. 15:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 16:**

All documents reflecting the knowledge on the part of the Plans, the Authorized Representatives and/or Other Defendants that the Plans "did not own the shares that they claimed to own, they did not earn the dividends they claimed to have earned, and they were not entitled to the tax refunds they claimed."

**Response to Request for Production No. 16:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 17:**

All documents supporting the basis for or otherwise concerning SKAT's allegation in the Complaints that "[d]uring the course of its investigation, SKAT also learned that the scheme involved entities and individuals not just in Malaysia, but also in the United States, Canada, the United Kingdom, and Luxemburg."

**Response to Request for Production No. 17:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 18:**

All documents concerning SKAT's reporting of the "alleged fraud" to SOIK on or about August 24, 2015, including the documents provided by SKAT to SOIK in connection with the initial report and during the subsequent investigation by SOIK.

**Response to Request for Production No. 18:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control. Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 19:**

All documents concerning the "three individuals" identified in the Complaints who have been criminally charged by SOIK in connection with the filing of withholding tax refund

16

claims, including the documents reflecting the basis for the criminal charges and the status of any such charges.

**Response to Request for Production No. 19:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control. Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 20:**

All documents reflecting SKAT's "normal practice to accept claims from designated payment agents and to transmit refunds to claimants through their designated payment agents."

**Response to Request for Production No. 20:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT further objects to the Request to the extent that it seeks information or documents which are protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity, including, without limitation, the attorney-client privilege, the attorney work product doctrine, or other privileges. Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

17

**Request for Production No. 21:**

All documents relating to or otherwise concerning the receipt of information on or about June 15, 2015, as set forth in the Complaints, "indicating that certain claimants may have submitted fraudulent tax refund claims based on the double taxation treaty between Denmark and Malaysia."

**Response to Request for Production No. 21:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 22:**

All documents obtained during, in connection with, or relating to the investigation commenced on or after June 15, 2015, as set forth in the Complaints, based on which SKAT "subsequently discovered" that certain Claims submitted by the Plans "misrepresented" the Plans' ownership of the Shares and receipt of Dividends.

**Response to Request for Production No. 22:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

18

**Request for Production No. 23:**

All documents sufficient to identify all persons employed or contracted by SKAT who participated in, or who had any substantive role with respect to, the investigation that commenced on or about June 15, 2015.

**Response to Request for Production No. 23:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 24:**

All documents sufficient to identify all persons, including individuals, companies, entities, or other persons, other than the Plans, Authorized Representatives, or Other Defendants, to or from whom SKAT, SOIK or any other government agencies or instrumentalities of the Kingdom of Denmark communicated in connection with the investigation resulting from the information received on or about June 15, 2015 (as referenced in Requests 21-23 above).

**Response to Request for Production No. 24:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  SKAT objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control, including, but not

19

limited to, any other agency or instrumentality of the Kingdom of Denmark. SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 25:**

All documents provided to SKAT by, or received or obtained by SKAT from, any persons, including individual, entity, company, or other persons, its agents, servants, employees, investigators, consultants, and counsel, in connection with SKAT's or SOIK's investigation of any Claims, including but not limited to documents received or obtained from Broker-Custodians, Payment Agents, and traders, and including any documents and information obtained from Solo Capital and ED&F Man Capital Markets Limited, or any related entities.

**Response to Request for Production No. 25:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding. Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 26:**

All documents reflecting communications, other than the Claims themselves, between SKAT or any other agency or instrumentality of the Kingdom of Denmark, and Sanjay Shah, Shah's Companies (as defined in SKAT's Requests for Production or otherwise, in the event of an omission therein), Graham Horn, Craig Price, Frank Vogel, Rajen Shah, Jas Bains, the Plans, the Authorized Representatives, the Other Defendants, the Payment Agents, and/or the Broker Custodians prior to the filing of the Complaints.

**Response to Request for Production No. 26:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  SKAT objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control, including, but not limited to, any other agency or instrumentality of the Kingdom of Denmark.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 27:**

All documents obtained by SKAT or SOIK from any third party, whether by subpoena or otherwise, in connection with SKAT's or SOIK's investigation of any Claims and/or Refunds, including all documents received pursuant to the exchange of information requests under any tax treaties or conventions with, by way of example, Denmark, the United States and any other tax or other authorities of any other jurisdictions.

**Response to Request for Production No. 27:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, 6 and 7.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  SKAT objects to this

Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control. Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 28:**

All communications between SKAT, SOIK, or any other agency or instrumentality of the Kingdom of Denmark, with any agency or instrumentality of the government of any other country, or with the European Union, concerning any dividend withholding tax refunds and/or claims, including the Claims.

**Response to Request for Production No. 28:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, 6, and 7. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding. SKAT objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control, including, but not limited to, any other agency or instrumentality of the Kingdom of Denmark. SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 29:**

All documents, prepared at any time, reflecting SKAT's knowledge or awareness prior to June 15, 2015 of the information relied on, or which served as a basis for, any of SKAT's averments in the Complaints.

**Response to Request for Production No. 29:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 30:**

All documents received, relied on, relating to or otherwise concerning any report, investigation, or analysis, of withholding tax refund claims that was initiated, created, or received by SKAT prior to June 15, 2015.

**Response to Request for Production No. 30:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 31:**

All documents relating to any potential, alleged, or actual wrongdoing or misconduct concerning any Claims and/or Refunds by any of SKAT's current or former employees,

contractors or other personnel, including documents reflecting any internal or external investigations, criminal prosecutions, civil actions, or other disciplinary dispositions.

**Response to Request for Production No. 31:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  SKAT objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control.  SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 32:**

All documents relating to any actual or imputed knowledge that any of SKAT's current or former employees, contractors or other personnel, or any other agency or instrumentality of the Kingdom of Denmark, had prior to June 2015 about any potential, alleged or actual wrongdoing or misconduct concerning the Claims or Refunds. For this purpose, the words "imputed knowledge" mean that any person within any agency of government of the Kingdom of Denmark had knowledge, whether SKAT itself actually knew or not.

**Response to Request for Production No. 32:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, 6 and 7.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby and calls for SKAT to make legal conclusions.  SKAT also objects to the definition of "imputed knowledge" used in this Request.  SKAT objects to this Request to the

24

extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control, including, but not limited to, any other agency or instrumentality of the Kingdom of Denmark. SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 33:**

All pleadings, deposition transcripts, document productions, discovery responses, motions, affidavits or declarations, and expert reports in every lawsuit, arbitration or equivalent affirmative or responsive claim filed or served by or against SKAT or any other agency or instrumentality of the government of the Kingdom of Denmark in any jurisdiction that relates, in any manner whatsoever, to the facts and allegations underlying or stated in the Complaints.

**Response to Request for Production No. 33:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding. SKAT objects to this Request to the extent it seeks information outside of SKAT's knowledge and/or in the possession, custody, or control of third parties outside of SKAT's control. Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 34:**

All documents relating to SKAT's efforts to recover the Refunds.

**Response to Request for Production No. 34:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT further objects to this Request as duplicative of other Requests and to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding. SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby. SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 35:**

All documents relating to the calculation of damages SKAT is seeking in the Complaints.

**Response to Request for Production No. 35:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6. SKAT objects to this request as it seeks information and/or materials already within the Defendants' knowledge, possession and/or control. Subject to and without waiving any objections, SKAT will produce copies of documents within its possession, custody or control that it identifies after a reasonably diligent search as responsive to this Request and not otherwise subject to or protected by any confidentiality requirement, non-disclosure requirement, privilege, protection, or immunity.

**Request for Production No. 36:**

All documents not otherwise requested herein that relate to the facts and allegations against any specific and named Defendants in any jurisdiction domestic or international.

**Response to Request for Production No. 36:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request as duplicative of the other Requests and to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  SKAT objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby.  SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

**Request for Production No. 37:**

All documents concerning SKAT's internal administration or handling of withholding tax refund claims, including but not limited to, meeting minutes, presentations, legal opinions, policies, procedures, and/or guidelines.

**Response to Request for Production No. 37:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, and 6.  SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions.  SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding.  Subject to and without waiving any objections, SKAT will produce copies of relevant guidelines regarding the determination of withholding tax refund claims.

**Request for Production No. 38:**

All documents concerning SKAT's accounting of dividend taxes withheld by, or in, the Kingdom of Denmark, including but not limited to any account statements.

**Response to Request for Production No. 38:**

SKAT incorporates by reference Objections 1, 2, 3, 4, 5, 6, and 7. SKAT objects to this Request on the ground that it is overbroad to the extent it seeks information not relevant to any party's claims or defenses in these actions. SKAT also objects to this request as vague and ambiguous because it would require SKAT to speculate as to the nature or scope of the responses sought thereby. SKAT further objects to this Request to the extent that it seeks documents or information related to claims submitted to SKAT by individuals or entities who are not defendants in this consolidated MDL proceeding. SKAT will not produce documents in response to this Request, except to the extent that they have been produced in response to other Requests.

Dated: New York, New York
      April 8, 2019

William R. Maguire
Sarah L. Cave
Marc A. Weinstein
Neil J. Oxford
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
bill.maguire@hugheshubbard.com
sarah.cave@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com

*Attorneys for Plaintiff Skatteforvaltningen*

28